946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff,
v.
Leif D. SODERLING and Jay S. Soderling, Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Leif D. SODERLING, Defendant-Appellant.
UNITED STATES of America, Plaintiff,
v.
Leif D. SODERLING and Jay S. Soderling, Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Jay S. SODERLING, Defendant-Appellant.
UNITED STATES of America, Plaintiff,
v.
Leif D. SODERLING and Jay S. Soderling, Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Sydney SODERLING, Defendant-Appellant.
UNITED STATES of America, Plaintiff,
v.
Leif D. SODERLING and Jay S. Soderling, Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Evelyn SODERLING, Defendant-Appellant.
UNITED STATES of America, Plaintiff,
v.
Sydney L. SODERLING and Evelyn Soderling, Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Evelyn SODERLING, Defendant-Appellant.
UNITED STATES of America, Plaintiff,
v.
Leif D. SODERLING and Jay S. Soderling, Defendants.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Sydney SODERLING, Defendant-Appellant.
FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiffs-Appellees,
v.
Leif D. SODERLING, et al., Defendant,
and
Sydney Soderling; Evelyn Soderling, Defendants-Appellants.
 Nos. 90-15442, 90-15443, 90-15449, 90-15450, 90-15471,
90-15507 and 90-16067.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 18, 1991.
As Amended Oct. 28 and Dec. 2, 1991.
 
 1
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and VAN SICKLE, District Judge**.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Jay, Leif, Evelyn and Sydney Soderling appeal the issuance of two preliminary injunctions and the appointment of a receiver. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and (2). We affirm.
 
 FACTS AND PROCEEDINGS
 
 4
 In 1987, Leif Soderling and Evelyn Soderling's husband, Jay, pleaded guilty to bank fraud based on their conduct as officers and directors of Golden Pacific Savings. The district court ordered Leif and Jay to pay approximately $6 million in criminal restitution to the Federal Deposit Insurance Corporation ("FDIC").[1] In addition, the FDIC is pursuing a civil action against Leif and Jay, which also is based on their conduct as officers and directors of Golden Pacific Savings (referred to as "the civil action").
 
 
 5
 After the FDIC presented evidence that Leif and Jay had disposed of assets in violation of their criminal sentencing orders to provide restitution, the district court issued a temporary restraining order ("TRO") to prevent the liquidation of assets. The district court subsequently entered preliminary injunctions restraining Leif and Evelyn, and appointed a receiver. The district court granted these two remedies to preserve Leif and Jay's assets for the FDIC's restitution claim and any recovery the FDIC may gain in its civil action. Leif and Evelyn appeal the issuance of the preliminary injunctions and the appointment of the receiver.
 
 DISCUSSION
 
 6
 Leif and Evelyn present four arguments which they contend demonstrate the invalidity of the preliminary injunctions and the appointment of a receiver. We conclude these arguments lack merit.[2]
 
 A. Docket Numbers
 
 7
 Leif and Evelyn first argue the preliminary injunctions are invalid because the district court entered the injunctions in the wrong case. They allege the district court erroneously entered the injunctions in case CR-89-0279. This is not true. The district court entered the injunctions in cases CR-87-1043-RFP (the criminal restitution judgment) and CR-88-0401-RFP (the civil action). The district court simply listed CR-89-0279 as a related case. The injunctions are not invalid simply because the district court listed a related case on the first page of the orders granting the injunctions.
 
 B. Release of Claims
 
 8
 Leif and Evelyn contend the injunctions and the appointment of a receiver are erroneous because the FDIC no longer has a valid claim for criminal restitution against Jay and Leif Soderling. They argue the "RLI settlement" dismissed the FDIC's criminal restitution claim.
 
 
 9
 We reject this argument. The RLI settlement expressly provides that the settlement "is not intended to affect any obligations Leif Soderling and Jay Soderling may have to make criminal restitution to the FDIC...." The settlement also reserves the right of the FDIC to bring additional claims based upon actions by the Soderlings that "had or have the object or effect of preventing FDIC from enforcing any criminal restitution award against Leif and Jay Soderling...."
 
 
 10
 Leif and Evelyn next argue the district court dismissed the FDIC's criminal restitution claim by its "Stipulation and Order for Dismissal with Prejudice." This order provides that the FDIC releases all claims except those claims "based upon actions by [the Soderlings] that had or have the object or effect of preventing FDIC from enforcing any criminal restitution award...." This order clearly did not dismiss the FDIC's criminal restitution claim.
 
 
 11
 Leif and Evelyn refer us to an argument contained in a brief in an appeal not before this panel. They attempt to incorporate Leif Soderling's Opening Brief in his criminal appeal (No. 90-10451). Our rules do not provide for the incorporation of a brief in an appeal not before this panel. See Fed.R.App.P. 28 (providing for reference to other parties' briefs only when multiple appellants involved in single or consolidated case); 9th Cir.R. 28-3.2 (stating parties may not "incorporate by reference briefs submitted to the district court or agency, or refer this Court to such briefs for their arguments on the merits of the appeal."). We, therefore, will not consider this argument.
 
 C. Bankruptcy Stay
 
 12
 Leif and Evelyn next contend the preliminary injunctions are invalid because the injunctions violate the automatic stay provision of 11 U.S.C. § 362(a). We disagree.
 
 
 13
 Section 362(d) allows a district court to grant relief from an automatic stay upon request of a party in interest. 11 U.S.C. § 362(d). After Leif Soderling filed for bankruptcy, the FDIC sought a modification of the stay in order to pursue its civil action. On December 11, 1989, the district court modified the stay to permit the FDIC to pursue particular claims in its civil action. See Order Modifying Earlier Suspension and Withdrawal Order (Dec. 11, 1989). The district court entered the preliminary injunctions at issue to preserve any recovery the FDIC may gain in its civil action. Thus, the injunctions do not violate the automatic stay provision of section 362(a).
 
 D. Scope of the Preliminary Injunctions
 
 14
 Finally, Leif and Evelyn contend the district court exceeded its authority in issuing the preliminary injunctions and appointing a receiver. We disagree.
 
 
 15
 A district court has "broad powers and wide discretion to frame the scope of appropriate equitable relief." Securities and Exchange Comm'n v. United Fin. Group, 474 F.2d 354, 358-59 (9th Cir.1973). Absent an abuse of discretion, we will not disturb a district court's exercise of its discretion. Id.; Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir.1987), cert. denied, 485 U.S. 993 (1988).
 
 
 16
 Leif and Evelyn have failed to present evidence that the district court abused its discretion. The district court appointed the receiver to manage the Soderlings' assets. The preliminary injunctions place a limit on the amount of money Leif and Jay Soderling may spend without prior court approval and restrict the amount of money Evelyn may receive from Leif or Jay. The injunctions also require Leif and Evelyn to account for their expenditures and income.
 
 
 17
 Ample evidence supports the district court's issuance of the injunction and order for the appointment of a receiver. The FDIC presented evidence that Leif and Jay had disposed of assets in excess of $3 million in violation of their criminal sentencing orders, and that Evelyn had disposed of further assets in violation of the TRO. The evidence also established that the Soderlings had created sham corporations to dispose of assets which otherwise would have been available for satisfaction of the criminal restitution judgment.
 
 
 18
 We conclude the district court did not abuse its discretion in issuing the preliminary injunctions and ordering the appointment of a receiver.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Fred Van Sickle, United States District Court Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court initially required Leif and Jay to pay restitution to the Federal Savings and Loan Insurance Corporation ("FSLIC"). The FDIC succeeded the FSLIC under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub.L. No. 101-73, § 401, 103 Stat. 183, 354
 
 
 [2]
 The Soderlings raise several other arguments for the first time in their reply brief. We refuse to address these arguments. Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir.1980) ("general rule is that appellants cannot raise a new issue for the first time in their reply briefs."), cert. denied, 452 U.S. 961 (1981)